IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| SONYA L. BREKKE,<br><br>Plaintiff,<br><br>vs.<br><br>QUAKER OATS COMPANY, a unit of PEPSICO, INC.,<br><br>Defendant. | No. C09-0087<br><br>ORDER RESCHEDULING TRIAL AND FINAL PRETRIAL CONFERENCE<br><br>(JURY TRIAL) |

On the 1st day of July, 2010, this matter came on for telephonic hearing to reschedule the trial date. The Plaintiff was represented by her attorney, Ronald C. Martin. The Defendant was represented by its attorney, Mark A. Zaiger.

At the time of hearing, counsel agreed that trial in this case should be rescheduled to commence on November 14, 2011. The Court finds that a final pretrial conference should also be rescheduled and the parties should be advised regarding other pretrial requirements.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. **TRIAL DATE.** Trial in this case shall commence at the United States District Courthouse, Building B, Courtroom 2, 4200 C Street SW, Cedar Rapids, Iowa, on **November 14, 2011 at 9:00 a.m.** Five days have been allocated for trial. Pursuant to the consent of the parties (docket number 10), filed on June 22, 2010, the undersigned United States Magistrate Judge will preside. **This shall be considered a firm trial date. No continuances will be granted, except in exceptional circumstances.**

1

2. **FINAL PRETRIAL CONFERENCE.** A final pretrial conference ("FPTC") in this matter is set for **October 28, 2011 at 8:00 a.m. The conference shall be held by telephone conference call to be initiated by counsel for the Plaintiff. The Court may be contacted at 319-286-2340.**

3. **FINAL PRETRIAL ORDER.** Not later than seven days prior to the FPTC, counsel for all parties shall meet, prepare and sign a proposed Final Pretrial Order in the format attached to this Order. The parties shall submit (not file) the proposed Final Pretrial Order to the undersigned in Cedar Rapids, Iowa, by emailing it to Karo_Stigler@iand.uscourts.gov or by faxing a copy to 319-286-2341. The following shall be included in the order:

a. A list of all exhibits to be used at trial, marked in compliance with Local Rule 83.6. Any exhibits not listed in the order will be subject to exclusion at trial and any objection not indicated will be deemed waived, unless this order is modified prior to trial to prevent manifest injustice. All exhibits shall be made available to opposing counsel for inspection sufficiently prior to the submission of the proposed Final Pretrial Order, to permit objections to be noted in the order. Failure to provide exhibits for inspection shall constitute a valid ground for objection at trial and should be noted in the order.

b. Each party shall list the names, addresses, and the purpose of the testimony of all witnesses whom that party will call at trial. Counsel shall list in good faith every witness whom the party will call to establish its case in chief, and indicate whether the witness will testify in person or by deposition. By listing a witness, counsel guarantees that witness's presence at trial. Any witness not listed will not be allowed to testify at trial, unless this order is modified prior to trial to prevent manifest injustice.

c. As part of the Evidentiary and Other Legal Issues portion, Plaintiff shall set forth all theories of recovery which will be urged at trial, including specifications of negligence, if applicable, and a statement of the elements of damages sought against

2

each Defendant. Similarly, Defendant shall set out all defenses which will be relied upon at trial, including specifications of Plaintiff's negligence, if applicable.

4. **TRIAL BRIEFS and REQUESTED INSTRUCTIONS. Not later than seven days prior to the FPTC**, counsel for all parties shall file trial briefs and written requests for jury instructions with the court.

5. **SETTLEMENT. Not later than seven days prior to the FPTC**, counsel for Plaintiff shall advise the court in writing of the status of settlement negotiations. The parties shall have exhausted all settlement possibilities by that date.

6. **MOTIONS IN LIMINE. Not later than seven days prior to the FPTC**, the parties shall file any motions in limine.

7. **TRIAL REQUIREMENTS.**

   a. All exhibits shall be marked by the parties prior to trial. Prior to opening statements, each party shall supply the court with a marked copy of all exhibits to be used at trial. The parties must also provide the Clerk of Court with a second set of exhibits to be used as the original trial exhibits in the official records of the court.

   b. With respect to any witness who will appear by deposition:

   - At least **fourteen days** before trial, the party intending to offer the witness must serve on the opposing parties a written designation, by page and line number, of those portions of the deposition the offering party intends to have read into evidence.

   - At least **one week** before trial, an opposing party must serve on the offering party any objections to the designated testimony and a counter-designation, by page and line number, of any additional portions of the deposition which the opposing party intends to have read into evidence.

3

- At least **four days** before trial, the party offering the witness must serve upon the opposing parties any objections to the designated testimony and a written designation, by page and line number, of any additional portions of the deposition the offering party intends to have read into evidence.

- At least **forty-eight hours** before the deposition is to be read to the jury, the party intending to offer the deposition testimony must provide the undersigned with a copy of the deposition, with the parts of the deposition to be read to the jury clearly indicated on the deposition, together with a statement listing all objections.

- The undersigned will review any objections, listen to any arguments, and make any necessary rulings outside the presence of the jury so that there can be a "clean read" of the deposition to the jury. The court also will expect the parties to edit any video deposition accordingly.

- All references in depositions to exhibit numbers or letters must be changed to correspond to the exhibit designation for trial.

8. **SETTLEMENT CONFERENCE.** If the parties believe that a settlement conference presided over by a judge may lead to a resolution of the case, then they may make an appropriate application with the court sufficiently in advance of the trial to schedule such a conference. United States Magistrate Judge Paul A. Zoss would likely preside. The undersigned Judge would <u>not</u> preside at any settlement conference.

DATED this 1st day of July, 2010.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
_____ DIVISION

[*INSERT PARTIES AND CASE NUMBER*]

**FINAL PRETRIAL
ORDER
(PROPOSED)**

[*NOTE: Instructions for preparing this form appear in brackets and should not be reproduced in the proposed Final Pretrial Order. All material not appearing in brackets should be reproduced in the proposed Final Pretrial Order.*]

This final pretrial order was entered after a final pretrial conference held on [**date**]. The court expects the parties to comply fully with this order. [*Full compliance with the order will assist the parties in preparation for trial, shorten the length of trial, and improve the quality of the trial. Full compliance with this order also will help "secure the just, speedy, and inexpensive determination" of the case. FED. R. CIV. P. 1.*]

The following counsel, who will try the case, appeared at the conference:

1. For plaintiff(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number [**include area code**]
   Facsimile Number [**include area code**]
   E-mail address [**if available**]

2. For defendant(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number [**include area code**]
   Facsimile Number [**include area code**]
   E-mail address [**if available**]

1

I.      **STIPULATION OF FACTS**: The parties agree that the following facts are true and undisputed:[*The parties are to recite all material facts as to which there is no dispute. Special consideration should be given to such things, for example, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, back pay, the economic value of fringe benefits, and property damage. The parties should stipulate to an undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more party, but in such instances the stipulated fact should be followed by an identification of the objecting party and the objection (e.g., "Plaintiff objects to relevance.")*]

       A.
       B.

II.     **EXHIBIT LIST**: The parties' exhibit lists are attached to this Order.[*The parties are to attach to this order (not include in the body of the order) exhibit lists that list all exhibits (except for impeachment exhibits) each party intends to offer into evidence at trial. Exhibit lists are to be prepared in the attached format, indicating objections using the categories described in the form.*

*All exhibits are to be made available to opposing counsel for inspection at least fifteen court days before the date of the FPTC. Failure to provide an exhibit for inspection constitutes a valid ground for objection to the exhibit, and should be noted on the exhibit list.*

*Copies of all exhibits as to which there may be objections must be brought to the FPTC. If an exhibit is not brought to the FPTC and an objection is asserted to the exhibit at the FPTC, the exhibit may be excluded from evidence by the court. Any exhibit not listed on the attached exhibit list is subject to exclusion at trial. The court may deem any objection not stated on the attached exhibit list as waived.*]

III.    **WITNESS LIST**: The parties intend to call the following witnesses at trial:[*Each party must prepare a witness list that includes all witnesses (except for rebuttal witnesses) whom the party intends to call to testify at trial. The parties are to exchange their separate witness lists at least fifteen court days before the date of the FPTC. The witness lists are to be included in the following format. A witness testifying by deposition must be listed in the witness list with a designation that the testimony will be by deposition.*]

       A.      Plaintiff(s) witnesses [*list name, substance of testimony, whether any party objects to the witness, and the nature of and grounds for any objection*]:
             1.
             2.

B.   Defendant(s) witnesses *[list name, substance of testimony, whether any party objects to the witness, and the nature of and grounds for any objection]*:
   1.
   2.

All parties are free to call any witness listed by an opposing party. A party listing a witness guarantees his or her presence at trial unless it is indicated otherwise on the witness list. *Any objection to the offer of testimony from a witness on the witness list is waived if it is not stated on this list.*

IV.   **EVIDENTIARY AND OTHER LEGAL ISSUES**:

   A.   Plaintiff(s) Issues:
      1.
      2.

   B.   Defendant(s) Issues:
      1.
      2.

*[The parties must list all unusual evidentiary and legal issues which are likely to arise at trial, including such things as disputes concerning the admissibility of evidence or testimony under the Federal Rules of Evidence; the elements of a cause of action; whether recovery is barred as a matter of law by a particular defense; disputes concerning the measure, elements, or recovery of damages; and whether the Statute of Frauds or the Parol Evidence Rule will be raised. The purpose of this listing of issues is to advise the court in advance of issues and problems that might arise at trial.]*

**IT IS SO ORDERED.**
**DATED** this _____ day of _____, _____.

_____
**JON STUART SCOLES**
United States Magistrate Judge
**NORTHERN DISTRICT OF IOWA**

## (PLAINTIFF'S) (DEFENDANT'S) EXHIBIT LIST [*Form*]

The following categories have been used for objections to exhibits:

A. **Category A.** The exhibits shall be offered by the parties and admitted as evidence in front of the jury before the parties seek to publish them to the jury.

B. **Category B.** These exhibits are objected to on grounds **other than** foundation, identification, or authenticity. This category has been used for objections such as hearsay or relevance.

C. **Category C.** These exhibits are objected to on grounds of foundation, identification, or authenticity. This category **has not** been used for other grounds, such as hearsay or relevance.

| (Plaintiff's)(Defendant's) Exhibits | Objections [Cite FED. R. EVID.] | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA) |
|---|---|---|---|---|
| 1. [*describe exhibit*] | | | | * |
| 2. [*describe exhibit*] | | | | |
| 3. [*describe exhibit*] | | | | |
| 4. [*describe exhibit*] | | | | |
| 5. [*describe exhibit*] | | | | |

[**This column is for use by the trial judge at trial. Nothing should be entered in this column by the parties.*]

4